ROBINSON v. PAY-AS-YOU-ENTER-CAR CORPORATION.

(Circuit Court of Appeals, Second Circuit.   January 12, 1915.)

No. 171.

PATENTS &#10132;328—INFRINGEMENT—PASSENGER CAR.
     The Ross and McDonald patent, No. 800,172, for an improvement in passenger cars, *held* not infringed.

In Error to the District Court of the United States for the Southern District of New York.

On writ of error to the District Court for the Southern District of New York to review a judgment entered upon a verdict for the defendant in error who was plaintiff below, for the sum of $51,686.23 for royalties alleged to be due under a license agreement by which the defendant in error was licensed under letters patent No. 800,172, granted to Ross and McDonald for improvements in passenger cars.

The patent is dated September 26, 1905, and the application was filed May 1, 1905. This is the same patent that was under consideration in Prepayment Car Sales Co. v. Orange County Traction Co., 221 Fed. 939, —— C. C. A. ——, decided at the present term. The parties will be referred to hereafter as they appeared in the District Court, viz., as plaintiff and defendant.

Arthur H. Masten and J. Edgar Bull, both of New York City, for plaintiff in error.

Charles Neave, Samuel E. Darby, and John C. Rowe, all of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The validity of the Ross and McDonald patent cannot be disputed in the present action for the reason that the defendant on November 5, 1907, entered into a license agreement with the owner of the patent. The question now presented is whether 400 cars upon which no royalty or license fee has been paid and which are known as types B, C and D, infringed the claims of the patent. At the close of the testimony each side moved the court to direct a verdict. The trial judge says:

"Had the patent contained only the narrow claims of a partition as a means to accomplish this, I should have hardly been justified in saying that they covered these structures, but claims one and eight are in very broad terms; indeed, they cover any such system which has a 'space' between the doorways, if the rest of the structure secured the purposes set forth. I am not disposed, at least in view of the form of claim eight and the originality of the idea as

a whole, to press the interpretation of the word 'between' so narrowly as the defendant requires. I include claims one and two with a good deal of hesitation, but as nothing turns upon whether they are included or not, it is not necessary to labor that feature."

Claims 1 and 8 are as follows:

"1. A passenger car provided with separate entrance and exit on the same platform providing a space between the doorways for the purposes described."

"8. In a passenger car having a rear platform and exit and entrance doorways between car and platform a space between exit and entrance doorways adopted to accommodate the conductor for the purposes described."

In view of what we have said in the Orange County Case, we think a broad construction of these claims is out of the question. In each of the eight claims as originally filed nothing was said about a space between the doorways. The first claim was in these words, "A passenger car provided with separate entrance and exit on the same platform." Such a car was clearly anticipated by several structures of the prior art. Amended claims were proposed, in which the new element was "a space between the doorways." This new element is found in every claim and cannot be ignored. A platform which does not have this space or partition does not infringe and the defendant's cars do not have it. There is no "space," as that word is used in the claims, but merely a post similar to those shown in the prior art. It seems to us a wholly unwarranted construction to assert that the defendant's cars now in controversy have the intervening space or partition required by the claims of the patent.

The judgment is reversed.